```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                Crim. Action No. 2:15CR14
                                       (Chief Judge Kleeh)

**DANIEL LEE CANTER,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE AND GRANTING MOTION TO DISMISS**

Pending before the Court are pro se motions for compassionate release [ECF No. 59] and appointment of counsel [ECF No. 68] filed by Defendant Daniel Lee Canter ("Canter"). Also pending is the United States' motion to dismiss for failure to exhaust administrative remedies. ECF No. 66. For the reasons discussed herein, the Court **DENIES** the motions for compassionate release [ECF No. 59] and appointment of counsel [ECF No. 68] and **GRANTS** the motion to dismiss [ECF No. 66].

                I.    **BACKGROUND AND PROCEDURAL HISTORY**

On December 11, 2015, Canter pleaded guilty to Possess with Intent to Distribute Methamphetamine as charged in Count One of the Indictment. ECF No. 38. On May 3, 2016, the Court sentenced Canter to 188 months of incarceration. ECF No. 46. The Court also sentenced him to three years of supervised release. Canter is currently incarcerated at Big Sandy USP, with a projected release

**DANIEL LEE CANTER**  2:15-CR-14

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE AND GRANTING MOTION TO DISMISS**

date of February 14, 2029. ECF No. 66-2.

Canter filed a pro se motion for compassionate release and for appointed counsel on May 19, 2023. On May 23, 2023, the Court denied the request for appointed counsel [ECF No. 61] and directed the Government to respond to the pro se motion for compassionate release [ECF No. 60]. On June 5, 2023, the Government filed its motion to dismiss without prejudice for failure to exhaust administrative remedies as required pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 66.

## II. ARGUMENTS BY THE PARTIES

Canter asserts that his early release is warranted under 18 U.S.C. § 3582(c)(1)(A)(i) because the caregiver of his minor children has become ill and incapable of caring for the children, his mother is elderly and requires a caretaker, and there are other extraordinary and compelling reasons. ECF No. 59. Canter indicated he drafted a proposed release plan but did not attach it. Id. Canter states that he submitted a request for compassionate release to the Warden but did not receive a response. Id.

In response, the Government moves for a dismissal without prejudice and argues that Canter has not exhausted his administrative remedies. Alternatively, the Government requests an order staying the deadline to respond to Canter's motion for

**DANIEL LEE CANTER** 2:15-CR-14

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE AND GRANTING MOTION TO DISMISS**

compassionate release. ECF No. 66.

### III. DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure

3

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTION TO DISMISS**

of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).

Here, Canter asserts that he made a request for compassionate release with the Warden on March 23, 2023 and did not hear back. ECF No. 59 at 3. Counsel for the Bureau of Prisons confirmed that while Canter made a request [see ECF No. 66-1], it was in the form of an email, with the subject line "***Request to Staff***" and regarding "Inmate Work Assignment: lanudry [sic]." Specifically, the request includes details that his children's caregiver's parental rights have been terminated, and he requires early release to care for them. Id. Indeed, Canter's email to the Warden included insufficient information to process the request; therefore, Canter was provided with information on how to properly submit a request for compassionate release. ECF No. 66 at 2. As such, Canter has failed to exhaust his administrative remedies before filing a

motion with this Court.

Finally, Canter again requests Court appointed counsel. ECF No. 68. This request too is **DENIED**. Id. As the United States Court of Appeals for the Fourth has recognized, "[t]here is no right to counsel in post-conviction proceedings." Hagie v. Pinion, 995 F.2d 1062, at *1 (4th Cir. June 7, 1993) (unpublished) (citing Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987)). Accordingly, the Court finds that appointment of counsel is not warranted in this case, and the request is denied.

### IV. CONCLUSION

For the reasons discussed above, Canter's motion for compassionate release is **DENIED WITHOUT PREJUDICE** [ECF No. 59]. For the same reasons, the Government's motion to dismiss is **GRANTED**. ECF No. 66. The motion for appointment of counsel is **DENIED**. ECF No. 68.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the pro se Defendant by certified mail, return receipt requested, and to counsel of record by email.

**DATED**: August 29, 2023

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA